UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

LUIS A. CRUZ
V.
Ashbel T. Wall, director
Cpt. Botus, Correctional Employee
John Doe, Investigator
John and Jane Doe's, Discipline Board

CA 07 041 S

C.A. NO.__________

COMPLAINT

PRIMAR Y STATEMENT

This is a **Civil Rights Action** filed by Luis A. Cruz, a state prisoner, for the damages and injunctive relief under 42 U.S.C. § 1983, alleging.

**JURISDICTION**

1. The Court has juridiction over the Plaintiff's claims of violation of Federal Constitution Rights under § 1331 and 1343.

**PARTIES**

2. The Plaintiff, Luis A Cruz, is incarerated at the ADULT CORRECTIONAL INSTITUTION(S), (A.C.I.), during the events described in this complaint.

3. Defendant Ashbel T. Wall, is the director of the ADULT CORRECTIONAL INSTITUTION(S), (A.C.I.), He is sued in his individual and official capacity.

4. Defendant, (john Doe), is an invetigator of the **Special Investigation Unit**, (S.I.U.), at the ADULT CORRECTIONAL INSTITUTION, in Cranston, R.I., He is being sued in his indivdual and official capacity.

5. Defendant, The then Lieutenant, Captain Botus, was a Coreectional at the Intake Service Center. Whom was in charge of recording Disciplinary reports of prisoners accused of breaking prison rules. He is sued in his individual and official capacity.

6. Defendant John and Jane Doe's) are correctional officers, lieutenants, and councelors of the Disciplinary Board for the Intake Service Center Security prisoners at the Adult Correctional Institution(s). Whose names are presently unknown to the PLaintiff.

7. All Defendants have acted under the color of the state law(s) at all times relevant to this complaint.

STATEMENT OF FACTS

8. On the date of 2/2/04, the plaintiff, Luis A. Cruz, was assaulted by an inmate, stated as John Doe, while awaiting sentencing at the Intake Service Center.

9. Subsequently on the 2nd day of Febuary, the plaintiff, Luis A. Cruz, was assaulted by an inmate whose name is unknown by the plaintiff at this present time.

10. The plaintiff has never set foot into the prison system prior to the date of his incarceration. which happens to be 12/19/03. Thus the expectation of the plaintiff was unstable.

11. Therefore, upon the completion of a phone call, the plaintiff proceeded to direct himself toward his assigned cell door.

12. At this time, the said inmate took initiative and struck the plaintiff with a closed fist.

13. The plaintiff stepped back in shock of the said inmates assault and battery. Thereafter the said inmate repeated to strike the plaintiff. Causing profuse bleeding to protruude from the plaintiff's gums. Which caused serious bodily injury and disfigurement to the plaintiff's person. R.I.G.L. § 11-5-2. (c)(2)(3)

15. The plaintiff then, in self defense, tried to ward off his assailant to avoid any further damage to his person. Fearing for his life.

16. The said inmate, John Doe, was detained by the officer,

A) John Doe being the aggressor
B) Not complying the officers' order to cease in his continual assault and battery.

This incident seemed to go on without end. Which resulted in cruel and unusual punishment, an EIGHTH AMENDMENT violation of the UNITED STATES CONSTITUTION.

17. The plaintiff was escorted to an attorney visiting area. Where the then,Lieutenant Botus, was told of the incident and decided for the said inmate (John Doe) to be held in Disciplinary Confinement and the victim of the said Assault and Battery to be escorted to the Hospital, pending further treatment. Which incidently happened to result in mostly Dental Treatment.

18. The following day, 2/2/04, plaintiff sought Dental attention which caused DISFIGUREMENT of the plaintiff's front teeth which happened to be lost in said Assault and Battery. One (tooth) being pulled by the dental practitioner, and the other knocked out by said assailant.
FELONY ASSAULT AND BATTERY, R.I.G.L. § 11-5-2 (c)(2)(3).

19. Currently plaintiff has sought additional treatment from the above mentioned occurance. Which has also led to CRUEL AND UNUSUAL PUNISHMENT (lack of medical treatment) Eighth Amendment violation.

20. Plaintiff has also suffered financially due to the said occurance, paying solely for dentures that were filed as an on the site accident and the Rhode Island Department of Corrections failed to supply. Which in return resulted in the paintiff's disfigurements appearance. Due to the negligence of the D.O.C. staff, plaintiff incurred the following injuries:

A) Deterioration of vision
B) Fluxuating headaches
C) Hearing impairment
D) Lack of confidence due to the loss of a pair of his front teeth

21. The defendants still fail to provide proper medical care and treatment sustained from said Assault and Battery, due to their negligence and ongoing violation(s) of the EIGHTH AMENDMENT.

22. Rhode Island D.O.C. neglected to provide safety and security, which is in direct violation of the Department Code Of Ethics, 3-14-1 D.O.C. policy.

The Rhode Island State Constitution 42-56-1(b) of the R.I.G.L. state statue, R.I. Constitution, as well as the Constitution of the United States.

Which clearly states that prisoners have an Eighth Amendment Right to be free from cruel and unusual punishment from the hands of other prisoners, violent attacks from the hands of other prisoners, and also assaults from the hands of other prisoners. The negligence and clear violations of the R.I. D.O.C. staff as clearly stated above, proves the violations of the plaintiff's Eighth Amendment Rights.

23. At the D.O.C. intake disciplinary board hearing, plaintiff's due process rights have been in violation. The disciplinary board was held in direct violations of Morris Vs. Travisano, as well as Wolf Vs. McDonald. Which states, that prisoners have a constitutional right to due process of law, present evidence, and/or witnesses in their defense. What transpired was substancial due process and not due process. Which is in direct violation of the above mentioned clause.

24. The defendants denial of due process led to the plaintiff being placed in punitive segregation. This led to the Eighth Amendment violation of Cruel and Unusual Punishment. When defendants placed plaintiff in punitive segregation unit. This led to stress and duress, loss of visitation, and continual family worry about their loved one.

25. The plaintiff was denied his First Amendment Right of free exercise of his religion, when denied to attend selected Christian services that were being held in the Prison Chapel at the same time. Due to the unjustification and denial of equal protection of the Constitution and law(s) of the state of Rhode Island. In compliance with the code of ethics 3-14-1 D.O.C., Which clearly states, staff shall protect the civil and legal rights of the inmate population, which defendants are found to be in violation of.

26. Due to the fact D.O.C. failed to conform to the Morris rules (1980) version, plaintiff was denied representation to prepare an adequate defense. As stated in #10 of this complaint, this was the plaintiff's very first time incarated, wherefore plaintiff was ignorant to the rules and regulations governing the displinary procedures and seeks to have this honorable court to correct the injustices brought upon the plaintiff by the Department of Corrections.

27. R.I. D.O.C. code of ethics 3-14-1- clearly has established rules that State Correctional Officers are in dereliction of duties when their focus is on reading newspapers, books, magazines, etc., while assigned to a post. This established rule is to enforce security, safety, and control of the inmate population. The Correctional Officer currently known as (John Doe), was clearly in violation of the Code of Ethics in conduct of becoming of an Correctional Officer, when he was reading some sort of reding literature while on duty. The plaintiff avers that this dereliction of duty/ neglect, allowed the plaintiff to be inflicted with injuries sustained. Which is a Felony Assault and Battery, serious bodily injury, and dental disfigurement.

28. The defendants conspired to cover up the dereliction of duty which violated 18 USCA 241 and 242:

§241. <u>Conspiracy against rights</u>

If two or more persons injure, oppress, threaten, or intimidate any inhabitant of Any state, Territory, or District in the free exercise or employment of any right or prvilege secured to him by the Constitution of the United States, because of his having so exercisd the same; or

If two or more persons go in disguise on the highway, or on the premesis of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured.

They shall be fined not more than $10,000 or imprisoned not more than 10 years, or both. If death results, they shall be subject to imprisonment for any term of years.

§242. Deprevation of rights under color of Law

Whoever, under the color of any law, statue, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned or both, and if bodily injury results, they shall be fined under this tiltled or imprisoned not more than (10) ten years, or both, and if death results, they shall be subjected to imprisonment for any term years.

Constitution of Rhode Island

Article 1, § 5

Section 5. Entitlement to remedies for injuries and wrongs- Right to Justice- Every person within this state ought to find a certain remedy, by having recours to the laws, for All injuries or wrongs which may be received in one's person, property or character. Every person ought to obtain right and Justice freely, and without purchase, completely and without denial; promptly and without delay; conformably to the laws.

3-14-1 D.O.C. Code of Ethics page 6 of 13

4. Relationships with offenders

a. Civil rights of offenders

(1) Staff shall protect the civil and legal rights of each member of the offender population.

(2) The actions and judgements of staff in the exercise of duties which bring them into contract with the offender population shall not be influenced by personal feelings, attitudes, or prejudices toward an individual group.

3-14-1 D.O.C. Code of Ethics page 10 of 13

6. Examples of misconduct subject to disciplinary Action

c. Dereliction of duty

(2) Inattentiveness, including but not limited to reading or writing while on a security post unless activity is a job related and authorized by a superior; Excessive use of the telephone for personal calls; or creating a distraction for other employees which jeopardizes the security or order of Departamental operations.

(5) Careless, negligence, or poor performance overall.

3-14-1 D.O.C. Code of Ethics page9 Of 13

6. Examples of misconduct Subject to Disciplinary Action

a. Conduct unbeacoming a Correctional Employee

(1) Misconduct, on or off duty, which violates Federal, State, or Local criminal codes.

(2) Any activity which undermines the work or authority of the staff member, or other staff members, brings discredit on the Department, compromises the Department's mission or operations, or adversly affects the public's trust.

(3) Abuse of position for personal gain or benefit.

29. The Defendants failed to inform External Law Enforcement Agencies, and the R.I. Attorney General' office about the felony assault and battery R.I.G.L. 11-5-2. (c) (2)(3). In the pretense of covering up what the State Police as well as the Attorney General's offices would have exposed. R.I. D.O.C. committed misprison of a felony when they covered/ conspired to conceal the Felony assault and battery.

Constitution Claims

1. Eighth Amendment Claim

– Article 8, Section 4

Prison Conditions

Prison officials have a duty under the Eighth Amendment as well as the Fourteenth Amendment to protect prisoners from violence at the hands of other prisoners. Leonardo v. Moran, 611 F.2d 397 (1st cir. 1979)

Deliberate indifference to violent attacks, sexual assaults, and serious medical needs is actionable. Leonardo v. Moran, 611 F.2d 397 (1st cir. 1979)

Claim alleging serious medical needs and deliberate indifference on the part of prison officials toward those needs is cognizable as cruel and unusual punishment proscribed by this Amendment. Ferranti v. Moran, 618 F.2d 888 (1st cir. 1980)

Since all policies, practices, and administrative procedures are set by and are under the control of the director of the Department of corrections (Defendant A.T. Wall), and since he has set no policies to safeguard inmates against unconstitutional conduct on the part of his subordinates, he must be held responsible for the unconstitutional conduct of his subordinates. Ferola v. Moran, 622 F. supp. 814 (D.R.I. 1985)

2. Fourteenth Amendment Claim

**Citizenship- Privileges and immunities- Due process- Equal protection of law(s)**- All persons born or natualized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law(s) which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor **Deny** to any person within its jurisdiction the equal protection of law(s)

Under the Fourteenth Amendment which protects the Eighth Amendment, plaintiff was denied equal protection of the law(s) and constitution when he suffered the abuse of the hands of another inmate, when as stated in **No.8** in the statement of facts, plaintiff was assaulted by inmate kwown as **john Doe.**

Constitutional Claims

3. First Amendment Claim

Liberty violation, which is protected by the Fourteenth Amendment, which defendants were claerly in violation of. This violation also calls for an Eighth Amendment violation, in which defendants are in clear violation of.

Relief

Wherfore, the Plaintiff requests that this Honorable Court enter the following relief:

A. Issue Declaratory Relief against the named Defendants, stating that they did in fact violate the Plaintiff s right(s) to be free of excessive use of force and did in fact conspire to cover up the said incident.

B. Issue an injunction against the defendants ordering them to comply with established procedures and policy in incidents that involve use of force by employees.

C. Grant Compensatiry Damages for loss of wages while in Segregation, as well as regain Good Time loss for said incident.

D. Grant Punitive Damages in the amount of One Thousand Dollars ($1,000.00) against each of the named Defendants.

E. Grant any and all other relief that the Plaintiff might be entitled to under the accordance of the law(s) of the United States.

Luis A. Cruz ProSe
P.O. Box 8274
Cranston, R.I.
02920