UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LUIS A. CRUZ

v. C. A. NO. 07-041 S

A. T. WALL, ET AL

**DEFENDANT A. T. WALL, II MOTION TO DISMISS**

Now comes Defendant A. T. Wall, II and hereby moves to dismiss Plaintiff's Complaint, pursuant to the Federal Rule of Civil Procedure 12(b)(6) as and for the reasons proffered in the accompanying Memorandum.

DEFENDANT,
By His Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

**CERTIFICATION**

The undersigned hereby certifies that on this, the 14th day of June, 2007, I mailed the within Defendant A. T. Wall, II Motion to Dismiss and accompanying Memorandum to Luis Cruz, P. O. Box 8274, Cranston, R. I. 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LUIS A. CRUZ

v. C. A. NO. 07-041 S

A. T. WALL, ET AL

**MEMORANDUM**

Plaintiff, a pro se inmate, brings the instant action pursuant to 42 U.S.C. § 1983 alleging that Defendant A. T. Wall, Lieutenant Botas, and several John Doe defendants violated his constitutional rights guaranteed under the First, Eighth and Fourteenth Amendments to the United States Constitution and to Article 1, Section 5 of the Rhode Island Constitution. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

Plaintiff alleges, in his complaint, that on February 2, 2004, he was assaulted by a fellow inmate, John Doe, at the Intake Service Center. It appears that Plaintiff then alleges he was assaulted on a second occasion on the same day by an unknown inmate. See Plaintiff's Complaint, ¶ 8-9. Plaintiff claims that he received serious facial injuries as a result of one of the assaults. Plaintiff alleges that his John Doe assailant was then detained by an officer. Plaintiff alleges that he was escorted to an attorney visiting area, where Defendant Botas decided to hold the John Doe inmate in disciplinary confinement, and to have the Plaintiff escorted to the hospital. Plaintiff alleges that on the following day, he received dental treatment. However, Plaintiff does allege that the Defendants failed to provide proper medical care. Plaintiff also alleges that his First Amendment right of free exercise of religion was denied in that he was not allowed to attend selected Christian services being held in the prison chapel. Finally, the Defendant alleges, pursuant to 18 U.S.C. §§ 241, 242, that the Defendants violated his rights pursuant to a conspiracy.

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

In Rule 12(b)(6), motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. **Conley v. Gibson**, 355 U. S. 41, 45-46 (1957). (footnote omitted); see also, **Ferrante v. Moran**, 618 F.2d 888-890 (1st. Cir. 1980). In making that determination, the complaint should be construed in the light most favorable to the plaintiff. E.g., **Scheur v. Rhodes**, 416 U. S. 232, 236 (1974); **Dartmouth Review v. Dartmouth College**, 889 F. 2d 13-16 (1st. Cir. 1989). Every doubt should be resolved in a way most beneficial to the plaintiff. E.g., **Klimas v. International Tel. and Tel. Corp.**, 297 F. Supp. 937, 938 n.2 (D.R.I. 1969), and all well-pleaded allegations of the plaintiff's complaint should be accepted as true. E.g., **Miree v. DeKalb County**, 433 U. S. 25, 27 n.2 (1977). That is particularly true when the complaint is filed by a pro litigant, whose pleadings are held to a somewhat less stringent standard than those drafted by lawyers, **Haines v. Koerner**, 404 U. S. 519 (1972).

Plaintiff's complaint fails to state a claim upon which relief can be granted in light of the fact that his complaint is sparse. The Complaint does not set forth any factual basis for the Plaintiff's claims, nor does it identify which claims are lodged against which Defendants. See Fed.R.Civ.P. 8(a) (requiring a short plain statement of the claim showing that the pleader is entitled to relief). There is no factual claim alleged against Defendant Wall. The Complaint is completely silent as to any action or inaction that Defendant Wall took to either prevent the alleged assault on Plaintiff or to provide for his safety, or of any plan on Defendant Wall's part with any other Defendant to violate the Plaintiff's rights. Accordingly, Defendant Wall is left guessing as to the basis of Plaintiff's lawsuit. Accordingly, Plaintiff's Complaint should be dismissed with prejudice. Under a Rule 12(b)(6) motion, "a review in court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright

vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." **United States v. AVX Corp.**, 962 F.2d 108, 115 (1st. Cir. 1992).

## SUPERVISORY LIABILITY

A supervising person or entity cannot be held vicariously liable under 42 U.S.C. § 1983 on a respondeat superior theory. **Malvonado-Denis v. Castillo-Rodriguez**, 23 F.3d 576, 581 (1st Cir. 1994). A supervisor may be liable under § 1983 only on the basis of his or her own acts or omissions. Id. A supervisor may be liable by establishing a policy or following a custom that leads to the challenged activity. Id . at 582. A superior may also be liable if he had actual knowledge of the wrongful activity, or if he would have had such knowledge but for his deliberate indifference to this activity and he had the authority to require changes, but did not do so. Id. A successful plaintiff must show that the supervisor was deliberately indifferent and that the conduct caused the subordinate's actions violative of Plaintiff's constitutional rights. Id. This connection may be shown as if the supervisor knew of, approved of, or intentionally ignored that conduct. Id. This connection may also be shown by past history of such conduct on a wide-spread basis, known to the supervisor and sufficient to alert him to current problems. Isolated instances of unconstitutional activity are insufficient to show deliberate indifference. Id.

The instant claims against Defendant Wall are insufficient to show that he caused any of the alleged deprivations of the Plaintiff. First, there is no mention whatsoever of Defendant Wall in the factual portion of the Plaintiff's Complaint. The only reference to Defendant Wall appears under ¶ 28 of the Plaintiff's Complaint, wherein it is alleged that "since all policies, practices, and administrative procedures are set by and under the control of the Director of the Department of Corrections (Defendant A. T. Wall), and since he has set no policies to safeguard inmates against unconstitutional conduct on the part of his subordinates, he must be held responsible for

the unconstitutional conduct of a subordinate." The Plaintiff's argument is misplaced. Plaintiff has failed to allege any policy or practice of unconstitutional conduct. It is clear that Plaintiff is simply suing Defendant Wall on the basis of he being the Director of Corrections. Plaintiff has simply failed to allege any connection between Defendant Wall and the alleged unconstitutional conduct, including any actions on his part, pursuant to a conspiracy, or denying Plaintiff proper medical care.

## FAILURE TO EXHAUST

The instant Complaint should also be dismissed on account that the Plaintiff has failed to plead that he has exhausted all administrative remedies available to him at the Department of Corrections. Civil rights claims brought pursuant to ¶ 1983 against government actors should be dismissed for failure to meet the exhaustion requirement of the Prison Litigation Reform Act of 1995. Pub. L. No. 104-134, 110 Stat. 1321.

## CONCLUSION

Accordingly, Plaintiff's complaint against Defendant Wall should be dismissed in its entirely. Plaintiff can prove no set of facts against Defendant Wall that would entitle him to relief.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864